**Gerald A. RIMMEL, Receiver of Mansion House Center, Appellee,**

v.

**MERCANTILE TRUST COMPANY NATIONAL ASSOCIATION, Appellant,**

**Samuel R. Pierce, Secretary of United States Department of Housing and Urban Development and Mansion House Center South Redevelopment Company, Appellees.**

**MERCANTILE TRUST COMPANY NATIONAL ASSOCIATION, a National Banking Association, Appellant,**

v.

**MANSION HOUSE CENTER SOUTH REDEVELOPMENT COMPANY, a Missouri Limited Partnership, et al., Appellees.**

**MERCANTILE TRUST COMPANY NATIONAL ASSOCIATION, Appellant,**

v.

**MANSION HOUSE CENTER SOUTH REDEVELOPMENT COMPANY, a Missouri Limited Partnership, Appellee.**

No. 82–2293.

United States Court of Appeals, Eighth Circuit.

Aug. 29, 1984.

Rehearing and Rehearing En Banc Denied Sept. 25, 1984.

G. Lindsay Simmons, William J. Slosberg, Cotten, Day & Doyle, Washington, D.C., Eugene Portman, Portman & Portman, Robert Hoemeke, Lewis, Rice, Tucker, Allen & Chubb, St. Louis, Mo., for appellee Towers Hotel Corp.

Charles Alan Seigel, Stolar, Heitzmann, Eder, Seigel & Harris, James F. Gunn, Gunn & Gunn, St. Louis, Mo., for appellants.

Thomas E. Dittmeier, U.S. Atty., St. Louis, Mo., J. Paul McGrath, Asst. Atty. Gen., J. Christopher Kohn, James G. Bruen, Jr., Civil Div., Dept. of Justice, Washington, D.C., for the U.S.

Gene M. Zafft, Merle L. Silverstein, David V. Capes, Rosenblum, Goldenhersh, Silverstein & Zafft, P.C., St. Louis, Mo., for appellee Gerald A. Rimmel.

Before ROSS and FAGG, Circuit Judges, and WOODS, District Judge.[*]

### ORDER

On June 15, 1983, this court heard arguments from the parties in Appeals Nos. 82–2216 and 82–2293. Subsequently, on June 21, 1983, we entered an order remanding No. 82–2216 (the "Foreclosure Settlement" appeal) back to the district court for an expedited hearing and definitive ruling on the revised settlement proposal in that case. The "Mercantile Settlement" appeal (No. 82–2293) was held in abeyance, however, because this court believed that a settlement acceptable to the district court, and the parties involved in the Mansion House cases, would soon be forthcoming, effectively resolving the issues raised in the Mercantile appeal. Such a settlement has so far failed to materialize.

On July 20, 1984, this court again heard arguments in the consolidated Mansion House appeals (Nos. 82–2216, 82–2293, 83–

---

[*] The HONORABLE HENRY WOODS, United States District Judge for the Eastern District of Arkansas, sitting by designation.

1645 and 83–1754). After careful consideration we have determined that the matters in the Mercantile appeal No. 82–2293 should be expeditiously resolved, regardless of the eventual disposition of the remaining Mansion House cases. In our view, it would be inequitable to require Mercantile Trust Company to remain hostage to the ongoing and complex disputes of the other Mansion House litigants.

Accordingly, we reverse that part of the district court's September 23, 1982 order which denied Mercantile's motion to compel closing and performance of the Mercantile settlement agreement, executed May 18, 1982, by Mercantile, HUD and the ownership-Partnerships. Further, we remand the case for disposition as follows:

1) all funds escrowed by Receiver Gerald A. Rimmel for the express purpose of resolving the Mercantile litigation, including those funds within the Registry of the court, are to be paid to Mercantile Trust Company forthwith;

2) the parties in the Mercantile action should be instructed to fully comply with the terms of the Mercantile settlement agreement; and

3) the court shall dismiss Causes Nos. 78–45C, 82–0115C and 82–0123C (the Mercantile cases) in accordance with the Mercantile settlement agreement upon Mercantile's receipt of the amounts owing.

It is so ordered.